UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN M. TRUST, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case number 4:09cv1101 RWS |
| | ) | TCM |
| STEVE LARKINS, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Steven M. Trust, for the appointment of counsel.

Petitioner seeks habeas relief on nine grounds from three sentences imposed after he pled guilty to drug-related offenses. In that portion of the form asking for an explanation of why the one-year statue of limitations of 28 U.S.C. § 2244(d) should not bar consideration of any claims filed one year after a conviction became final, Petitioner stated that he had been in segregation and unable to obtain the necessary forms and funds. Respondent counters that his grounds, construed by Respondent to be eleven claims for relief, are procedurally barred and without merit.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59; **McCall**, 114 F.3d at 756; **Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Counsel must be appointed, however, if an

evidentiary hearing is to be held.  See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (mandating that counsel be appointed if an evidentiary hearing is to be held); accord **Armstrong v. Kemna**, 534 F.3d 857, 868 n.5 (8th Cir. 2008).

In the instant case, the issues articulately raised in the petition appear to be neither factually nor legally complex and to be capable of being resolved without an evidentiary hearing.  And, Petitioner is apparently no longer in segregation.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED** without prejudice.  [Doc. 20]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  15th  day of February, 2011.