# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN M. TRUST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:09cv01101 RWS/TCM |
| | ) |
| STEVE LARKINS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Steven M. Trust (Petitioner), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction after a guilty plea.[1] See 28 U.S.C. § 2254. Respondent filed a response, along with exhibits

---

[1] When he filed this federal habeas action, Petitioner was incarcerated at Missouri's Eastern Reception and Diagnostic Correctional Center, where Steve Larkins, the named Respondent, was the Warden. Petitioner subsequently filed a notice of change of address [Doc. 22] notifying this Court that he was released from custody. Because Petitioner was in the custody of the State of Missouri when he filed his habeas petition, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied and this Court has jurisdiction to entertain his petition. **Beets v. Iowa Dep't of Corr. Servs.**, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999) (citing Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968)).

Additionally, in the caption of his petition, Petitioner referred to the Attorney General for the State of Missouri. (Pet. at 1 [Doc. 1].) The underlying criminal proceedings challenged by Petitioner in this action resulted in the imposition of concurrent sentences. Because Petitioner is not challenging a sentence he is going to serve in the future, the present Attorney General of Missouri, Chris Koster, will not be added as a Respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Court.

Attached to his petition is a copy of a June 30, 2009 ruling of the Missouri Supreme Court summarily denying Petitioner's state habeas petition in cause number SC90141 [Doc. 1-1]. The Court will refer to this as Petitioner's Ex. 1. Although it is not part of the record of the underlying state criminal proceedings filed by Respondent, Respondent has not challenged either the accuracy or Petitioner's submission of this document. Therefore, the Court will consider the document to the extent necessary to resolve Petitioner's federal habeas petition.

consisting of materials from the relevant state court criminal proceedings; and Petitioner filed a reply.[2]

This matter is before the undersigned United States Magistrate for a review and a recommended disposition. See 28 U.S.C. § 636(b). Finding that the petition contains procedurally defaulted claims, and that there is no cause and prejudice or actual innocence to allow consideration of the merits of the claims, the undersigned recommends dismissing the petition without further proceedings.

## **Background**

On February 3, 2005, Petitioner was charged with drug trafficking in the second

---

[2] Attached to Petitioner's reply are copies of:

(a) three letters from Petitioner, marked as "Petitioner's Exhibit A" - two he sent to one of the attorneys who represented him in one of the underlying state criminal proceedings, one of those letters being dated March 7, 2005, and file-stamped March 9, 2005, and one being dated April 25, 2005, and file-stamped April 27, 2005; and one letter he sent to the state court that has an illegible date and is file-stamped March 15, 2005 [Doc. 17 at 12-14];

(b) a document titled "[Petitioner]'s Request for Discovery," that is file-stamped February 23, 2005, and marked "Petitioner's Ex. B" [Doc. 17 at 15-19]; and

(c) three documents marked as "Petitioner's Ex. C" [Doc. 17 at 20-22], consisting of (i) a document titled "[Petitioner]'s Endorsement of Witnesses," that is not file-stamped, and appears to be incomplete in that the one-page document ends with "Respectfully submitted" [ Doc. 17 at 20] and (ii) two documents, each titled "Subpoena for Taking Deposition," signed by the Clerk of the Circuit Court of St. Louis County, Missouri, for depositions scheduled at the Public Defender's Office on August 8, 2007, with one directed to the St. Louis County Police Department's Custodian of Records and one directed to the arresting officer in one of Petitioner's underlying criminal cases, Officer Timothy Culian [Doc. 17 at 21-22].

Respondent has not challenged the accuracy or filing of these materials. While the Court will, therefore, consider the majority of them, if necessary to resolve the issues in this federal habeas proceeding, the Court will not consider the apparently incomplete document titled "[Petitioner]'s Endorsement of Witnesses" [Doc. 17 at 20]. Additionally, for clarity, the Court will refer to these materials as Petitioner's Exhibits 2, 3, and 4, rather than as Petitioner's Exhibits A, B, and C, respectively.

degree, in violation of Rev. Mo. Stat. § 195.223, by possessing on September 18, 2004, more than two grams of a substance containing a cocaine base. (Information, filed Feb. 3, 2005, Resp't Ex. A at 9.) This case is designated as case number 2105R-000042 in the Circuit Court for St. Louis County; and will be referred to by this Court as the drug trafficking case.[3]

Petitioner filed pro se motions in the drug trafficking case challenging the consideration of the drug discovered upon his arrest. (Pet'r Mots. Suppress, Resp't Ex. A at 10-12, 14-16, 28-31; see also Pet'r Mot. Limine, Resp't Ex. A at 17-19.) In relevant part, Petitioner argued that drug evidence should be suppressed because the officer lacked reasonable suspicion to initiate the stop; the arrest was unreasonable in that it was not based on a warrant or probable cause; the search, which Petitioner argued involved a strip search or body cavity search, was

---

[3] The docket sheet for this drug trafficking case indicates that:

(1) an amended information was filed on March 21, 2006 (see docket sheet for drug trafficking case, Resp't Ex. A at 4);

(2) Petitioner's mental status was examined during the course of the pretrial proceedings (see various docket entries between May 13, 2005 and Feb. 27, 2007, id. at 2-5; see also Order, dated May 13, 2005, Resp't Ex. A at 13; Pet'r Mot. Appointment Psychiatrist, dated Aug. 13, 2005, and Sept. 12, 2005 Order granting that motion, Resp't Ex. A at 20-22; Order to Make Examination Pursuant to 552.020 and 552.030, dated Oct. 13, 2005, Resp't Ex. A at 23-24);

(3) a warrant for failure to appear on the trial date was issued on September 4, 2007, and served on Petitioner on September 9, 2007 (see pp. 5-6 of the docket sheet for the drug trafficking case, Resp't Ex. A); and

(4) Petitioner was represented by Patrick Breyer, Jill Schaefer, and John R. Krehmeyer of the Public Defender's Office, next by Anthony J. Muhlenkamp, and then by Donnell Smith (see Pet'r Pet. at 13 [Doc. 1 at 12] and docket sheet for the drug trafficking case, Resp't Ex. A at 1, 5).

The available record does not contain copies of the amended information, the reported results of any examination of Petitioner, the warrant for failure to appear or its return, and any entry of appearance by Petitioner's counsel other than attorneys Schaefer and Krehmeyer.

unreasonable; and the evidence was not found in plain view.  Additionally, through counsel, Petitioner filed a motion to suppress physical evidence, raising the noted, as well as other, grounds for suppression.  (Pet'r Mot. Suppress Physical Evidence, Resp't Ex. A at 26-27.)

The case was set for trial on September 4, 2007.  (See May 13, 2007 entry on drug trafficking case docket sheet, Resp't Ex. A at 5.)  Petitioner reportedly failed to appear for trial, and a warrant for failure to appear was reportedly served on Petitioner on September 9, 2007.  (See Sept. 4, 2007 and Sept. 9, 2007 entries on docket sheet for the drug trafficking case, Resp't Ex. A at 5, 6.)

Thereafter the state court held a suppression hearing at which one of the arresting officers, Officer Culian, testified; and the parties filed memoranda in support of their positions on suppression of the evidence.  (See Mem., Resp't Ex. A at 32-37 and 38-42; Tr. Proceedings on Mots. Suppress, Resp't Ex. B.)  The state court denied the requested suppression; and set the drug trafficking case for trial beginning on July 21, 2008.  (See Apr. 16, 2008, and Apr. 18, 2008 entries on docket sheet for the drug trafficking case, Resp't Ex. A at 7.)

During the course of the drug trafficking case, Petitioner was charged with two other drug offenses.  On September 14, 2007, Petitioner was charged, along with four others, with knowingly selling on July 11, 2007, a controlled substance, specifically, cocaine base, in violation of Rev. Mo. Stat. § 195.211.[4]  (Compl., Resp't Ex. C at 3-4; Indictment, Resp't Ex.

---

[4] The complaint charging Petitioner with this drug sale included a "Probable Cause Statement of Facts," which stated in relevant part that:

> On July 11, 2007, at approximately 4:03 P.M., the undercover officer had a conversation with defendant Shirley Nettles about purchasing crack cocaine and she indicated she would fix him up.  Defendants Stacy Durham and [Petitioner]

C at 5.) This case is designated as case number 07SL-CR04906 in the Circuit Court for St. Louis County; and will be referred to by this Court as the drug sale case.

On November 26, 2007, Petitioner was charged with possession on May 31, 2007, of a controlled substance, in particular, cocaine, in violation of Rev. Mo. Stat. § 195.202. (Information, Resp't Ex. D at 3.) This case is designated as case number 07SL-CR04865 in the Circuit Court for St. Louis County; and will be referred to by this Court as the drug possession case.

On July 21, 2008, Petitioner pleaded guilty to the charged offenses in each of these three cases.[5] (Tr. Guilty Plea and Sentencing, Resp't Ex. E at 23-47.) During the plea,[6] Petitioner stated he understood the charges in each case and that the description the prosecutor

> approached the vehicle, spoke and then took positions at the front of the undercover vehicle to act as lookouts.
>
> Nettles contacted defendants Jamarr Trust and Byron Morrow. She and J. Trust approached the vehicle where the officer handed J. Trust $40.00 in buy money. J. Trust went to Morrow and did a hand-to-hand. J. Trust then handed 0.15 grams of cocaine base to the officer.
>
> Officers moved in and all 5 defendants were arrested.
>
> The buy money was recovered from J. Trust.

(Compl. in drug sale case, Resp't Ex. C at 3-4.)

[5] The plea proceeding began after the state court in the drug trafficking case resolved remaining motions and announced it would get the jury for trial. (See Tr., Resp't Ex. E at 1-23.)

[6] At the time of the plea, Petitioner had one attorney representing him in the drug trafficking case, and another attorney representing him in the drug sale and drug possession cases. (See, e.g., Tr. Guilty Plea and Sentencing, Resp't Ex. E, at 23, 27-28.) Both attorneys were present throughout the plea proceeding, see id., and had both been present during the hearing on the motions to suppress in the drug trafficking case, see Tr. Mots. Suppress Hr'g, Resp't Ex. B, at 1-3.

gave of each of the offenses was substantially true and correct. (See, e.g., id. at 33, 34, and 36.) For the drug trafficking offense, the prosecutor stated that the State was prepared to prove beyond a reasonable doubt that on

> September 18th, 2004, at approximately 7:05 p.m., at 8116 Scudder, in St. Louis County, Missouri, [Petitioner] possessed more than two grams of a mixture or substance containing cocaine base, a controlled substance, knowing of its presence and nature.
>
> More specifically, . . . Officer Timothy Culian, of the St. Louis County Police, observed [Petitioner] and other people standing at the corner of that location. Each time they would see the officer, they would walk away from the curb and congregate back there again when he would return after a couple of hour[s] . . . .
>
> He then got an assist officer and they approached the individuals, asked them what they were doing there, and none of them said that they were residents or that they were visiting anybody there. He then asked for identification.
>
> [Petitioner] had an outstanding warrant in Jennings for missing court and was taken into custody. During a search incident to [Petitioner's] arrest, the officers found what was tested and found to be over two grams of cocaine base in [Petitioner's] back, specifically in [Petitioner's] pants in the back.

(Id. at 32-33.)

With respect to the drug possession case, the prosecutor told the state court that the State was prepared to prove beyond a reasonable doubt that:

> on May 31st, 2007, at 2:08 p.m., at 8143 Lurch, in St. Louis County, Missouri, [Petitioner] possessed cocaine, a controlled substance, knowing of its presence and nature.
>
> . . . St. Louis County officers went to that location because [Petitioner] had filed a complaint against an officer for improper conduct of the officer. They were shown into the house. They wanted to talk to [Petitioner]. He placed his hands in his pocket, and the officers, for their own personal safety, asked him to remove his hands from his pocket. When he would not do so, he

then ran past the officers, bumping into one, and they chased him, and during that chase, he threw out a bag that was recovered and found to contain 1.13 grams of cocaine.

(Id. at 34.)

For the drug sale offense, the prosecutor advised the state court that the State was prepared to prove beyond a reasonable doubt that Petitioner, acting together with four others, on July 11th, 2007, near 8133 Lurch Avenue in St. Louis County, Missouri,

> knowingly sold cocaine base, a controlled substance, to Brian Flanigan, knowing it was a controlled substance.
>
> In this case . . . St. Louis County Police were conducting an undercover buy operation. Officer Flanigan pulled up in an undercover capacity and talked to Shirley Nettles about purchasing some crack cocaine. [Petitioner] and Stacy Durham came over and asked her if the officer or the person in the car was cool, and she said yes. They then stood as lookouts at the front of the vehicle.
>
> In the meantime, Byron Morrow [and] Jamarr Trust came up and conversed with Shirley Nettles. . . . Jamarr Trust then came over to the vehicle and made the exchange to the officer of what was tested and found to be .15 grams of cocaine base, and Jamarr Trust received $40 in buy money. All persons were taken into custody at the scene.

(Id. at 34-35.)

Petitioner acknowledged his understanding that the range of punishment, if the sentences ran consecutively, was a total of thirty-seven years imprisonment and $5,000 fine, as reported by the prosecutor, and that the prosecutor was recommending concurrent sentences of eight years each on the drug trafficking and drug sale offenses, and seven years on the drug possession offense. (Id. at 36.)

After questioning Petitioner at length and learning that Petitioner understood the court's questions and the rights Petitioner was waiving, the state court found there was a factual basis

for the guilty pleas; and that the guilty pleas were "freely, intelligently and voluntarily made" by Petitioner, "with a full understanding of the charges and the consequences of his pleas," as well as a full understanding of his rights to a jury trial and the effect of guilty pleas on those rights, including the fact that he was waiving the right to appeal. (Id. at 32, 39.) The state court then sentenced Petitioner to concurrent terms of eight years each on the drug trafficking and drug sale offenses and seven years on the drug possession offense. (Id. at 40-41; see also Sentence and J. in the drug trafficking case, dated July 21, 2008, Resp't Ex. A at 44-46; Sentence and J. in the drug sale case, dated July 21, 2008, Resp't Ex C at 7-9; Sentence and J. in the drug possession case, dated July 21, 2008, Resp't Ex. D at 5-7.)

At the conclusion of sentencing, the state court advised Petitioner of his right under Missouri Supreme Court Rule 24.035 to file a post-conviction motion. Specifically, the state court judge stated:

> [W]ithin 180 days of your delivery to the [Missouri] Department of Corrections [(DOC)], you have the right, under [Missouri] Supreme Court Rule 24.035, to file a motion in this court to vacate, set aside or correct the judgment of conviction or this sentence if you claim that, first, your conviction or the sentence imposed violates the constitution and laws of this state or the Constitution of the United States, or, second, this Court was without the jurisdiction to impose the sentence, or, finally, the sentence imposed is in excess of the maximum sentence authorized by law.

(Tr. Guilty Plea and Sentencing, Resp't Ex. E, at 41.)

The state court also asked Petitioner about the representation provided by his counsel. (Id. at 27-29, 41-47.) Petitioner responded that the sentences he received were what he had expected; that, other than the plea bargain, no one had communicated, threatened, or promised anything to get him to enter the guilty pleas; that the attorneys did what he asked and nothing

he had asked them not to do; that he had a sufficient opportunity to discuss the cases with his attorneys before entering the guilty pleas; and that he was satisfied with counsel's performance.[7] (Id.)

After the plea and sentencing, Petitioner did not file either an appeal or a post-conviction motion under Missouri Supreme Court Rule 24.035.

On May 12, 2009, Petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. See docket sheet for Trust v. State of Missouri, Case No. SC90141 (filed May 12, 2009) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited July 17, 2012). In his federal habeas petition, Petitioner reports that, in his state habeas petition, he raised as grounds for relief: the "ineffective assistance of counsel, factual basis, illegal search and seizure, clear error, United States Speedy Trial Violation, coercion, Brady violation, Youngblood violation, [and] prosecutorial misconduct." (Pet'r Pet. at 4 [Doc. 1 at 3].) On June 30, 2009, the Missouri Supreme Court summarily denied Petitioner's state habeas petition and issued the mandate. (Pet'r Ex. 1 [Doc. 1-1.]; docket sheet for Trust v. State of Missouri, Case No. SC90141 (filed May 12, 2009) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited July 17, 2012)).

On July 13, 2009, Petitioner filed the instant federal habeas proceeding. (Pet'r Pet. [Doc. 1].) In his petition, Petitioner sets forth the following grounds for relief:[8]

---

[7] Petitioner also noted he was dissatisfied with prior attorneys in the drug trafficking case, but not the "current counsel." (Tr. Guilty Plea and Sentencing, Resp't Ex. E, at 29.)

[8] Petitioner's petition sets forth nine grounds for relief, including one claim (ground two) seeking relief for the ineffective assistance of counsel. In that claim, Petitioner seeks relief for counsel's alleged failure to obtain the suppression of evidence; for counsel's alleged failure to

- 9 -

(1) that the guilty pleas were not knowing and voluntary because the State threatened to try the case and seek the maximum penalty if Petitioner did not plead guilty;[9]

(2) that Petitioner's counsel provided ineffective assistance in that (a), in the drug trafficking case, counsel failed to obtain the suppression of evidence;[10] (b), in the drug trafficking case, counsel failed to investigate or seek to obtain exculpatory evidence, such as, the police dispatches, surveillance footage from the patrol cars, and the preliminary hearing transcript;[11] and (c), in the drug sale case, counsel allowed Petitioner to plead guilty to a charge for which no factual basis existed;[12]

(3) that, in the drug trafficking case, Petitioner's right to a speedy trial was violated due to the unreasonable forty-two month delay in getting to trial;[13]

(4) that, in the drug trafficking case, there was an illegal search and seizure in that Petitioner was arrested without reasonable suspicion or probable cause;[14]

---

investigate or seek to obtain police dispatches, surveillance footage from patrol cars, and preliminary hearing transcripts; and for counsel allowing Petitioner to plead guilty to a charge for which no factual basis exists.

In responding to the petition, Respondent separated each basis for the ineffective assistance of counsel claim into its own ground for relief, resulting in a total of eleven grounds for relief that are addressed by Respondent. Respondent also numbered and ordered the eleven grounds for relief differently from the way Petitioner presented his nine grounds for relief.

[9] Respondent refers to this claim as ground one.

[10] Respondent refers to this claim as ground two.

[11] Respondent refers to this claim as ground three.

[12] Respondent refers to this claim as ground four.

[13] Respondent refers to this claim as ground five.

[14] Respondent refers to this claim as ground six.

(5) that, in the drug sale case, "there was no factual basis to support the charge";[15]

(6) that the plea court and "indictment" did not have sufficient facts to support the drug sale offense;[16]

(7) that there was clear error in the state court's findings regarding suppression of the evidence in the drug trafficking case because the State did not show by a preponderance of the evidence that the search did not violate the Fourth Amendment;[17]

(8) that Youngblood[18] principles were violated in the drug trafficking case because the police failed to disclose potentially useful information, specifically, police dispatches and footage from the patrol cars involved in the incident;[19] and

(9) that Brady[20] principles were violated in the drug trafficking case because the State suppressed exculpatory evidence, specifically, the preliminary hearing transcript and the police dispatches and footage from the patrol cars involved in the incident.[21]

Respondent argues that all of the claims are procedurally barred due to Petitioner's failure to pursue a post-conviction motion and failure to establish cause and prejudice or

---

[15] Respondent refers to this claim as ground nine.

[16] Respondent refers to this claim as ground ten. The charging document in the drug sale case was a complaint, rather than an indictment.

[17] Respondent refers to this claim as ground eleven.

[18] The full cite for this reference is **Arizona v. Youngblood**, 488 U.S. 51 (1988).

[19] Respondent refers to this claim as ground seven.

[20] The full cite for this reference is **Brady v. Maryland**, 373 U.S. 83 (1963).

[21] Respondent refers to this claim as ground eight.

actual innocence excusing that procedural default. Alternatively, Respondent urges that several claims are not cognizable and the other claims lack merit. Concluding that all grounds for relief are procedurally barred, the Court will not address the cognizability or merits of any claim.

**Discussion**

Procedural Bar. Respondent contends that all of Petitioner's claims are procedurally barred due to Petitioner's failure to pursue a post-conviction motion and to establish cause and prejudice or actual innocence excusing that procedural default.

A state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001); accord **In Re J.L.B.,** 280 S.W.3d 147, 159 (Mo. Ct. App. 2009). After a guilty plea, Rule 24.035 provides the "exclusive procedure" for presentation to state court of "claims that [a] conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of trial and appellate counsel." Rule 24.035(a). Therefore, Petitioner was required to present to the state courts, in a post-conviction proceeding under Rule 24.035, any federal constitutional

claims he had, including claims that his attorneys provided ineffective assistance of counsel.[22]

A person seeking post-conviction relief under Rule 24.035 must file the motion within 180 days of the date the person is delivered to the DOC where, as here, no appeal has been filed after a guilty plea. Rule 24.035(b). While the record does not clearly disclose when Petitioner was delivered to the DOC after his guilty pleas, Petitioner never filed a Rule 24.035 motion and, therefore, was not timely in pursuing post-conviction relief under that Rule.

The failure to file a timely motion under Rule 24.035 "constitute[s] a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b); see **Phillips v. State**, 924 S.W.2d 318 (Mo. Ct. App. 1996) (when a Rule 24.035 motion is not timely filed, a subsequently filed motion must be dismissed and "the grounds for relief [are] time barred and procedurally waived"). Therefore, while Petitioner had the opportunity to present his federal constitutional claims to a state court in a Rule 24.035 post-conviction motion, he lost that opportunity by failing to file a timely Rule 24.035 motion.

Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation of his federal habeas claims to the state courts and has, therefore, procedurally defaulted those claims. See **Sweet v. Delo**, 125 F.3d 1144, 1149-51 (8th Cir. 1997).

Petitioner's filing of a state habeas petition in the Missouri Supreme Court does not

---

[22] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

remedy this default. **Storey v. Roper**, 603 F.3d 507, 523 (8th Cir. 2010) (citing Sweet, 125 F.3d at 1150-51, and distinguishing State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 215 (Mo. 2001) (en banc)). State habeas relief is "very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." **Clay v. Dormire**, 37 S.W.3d 214, 217 (Mo. 2000) (en banc). "[A] person cannot usually utilize a [state] writ of habeas corpus to raise procedurally-barred claims – those that could have been raised, but were not raised, on direct appeal or in a post-conviction proceeding," except "'to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results' if habeas corpus relief is not granted." **Id.** (quoting State ex rel. Simmons, 866 S.W.2d at 446); accord **Brown v. State**, 66 S.W.3d 721, 731 (Mo. 2002) (en banc) (state habeas relief is possible after a failure to present claims earlier, when a petitioner shows actual innocence, or a jurisdictional defect, or that the failure to pursue a timely post-conviction motion was due to something for which the petitioner is not responsible and the petitioner was actually and substantially damaged by the failure). This case does not involve defects in the state court's subject matter or personal jurisdiction. See **State ex rel. Zinna v. Steele**, 301 S.W.3d 510, 516-17 (Mo. 2010) (en banc). Nor do rare and exceptional circumstances exist in this case.

The rare and exceptional circumstances sufficient to allow an individual to seek state habeas relief for claims not pursued in a post-conviction proceeding are circumstances that impede the individual from complying with post-conviction rules through no fault of his own, or situations in which the basis for the claim was not available earlier. **Storey**, 603 F.3d at

523 (citing Jaynes, 63 S.W.3d at 215). When those circumstances do not exist, a state habeas proceeding "is not the vehicle for curing a procedural default." Id. at 523. Here, all of Petitioner's claims were available to him prior to the time for filing the Rule 24.035 motion because his claims arise out of circumstances occurring before or during the pleas and sentencing.

To the extent Petitioner contends that statements made by his attorney or the state court judge satisfy the "rare and exceptional circumstances" test, this Court disagrees. Petitioner states in his federal habeas petition that he did not pursue an appeal or post-conviction motion because his "lawyer and the judge explained to [him that] by taking the plea [he] waived any post-conviction or appeal right as part of the plea bargain." (See Pet'r Pet. at 6, 8, 9, 11, and 16 [Doc. 1 at 5, 7, 8, 10, and 16].)

Nothing of record indicates what, if anything, constituted a plea bargain beyond the reported arrangement by which Petitioner would enter a guilty plea to each of the charged offenses in exchange for the State's recommendation that the state court impose concurrent sentences of eight years, eight years, and seven years. The record reflects that Petitioner entered the three guilty pleas, and the state court, after accepting each of those pleas, imposed the sentences as the prosecutor had recommended. No statement by Petitioner, by Petitioner's attorneys, by the prosecutor, or by the state court judge at any time during the plea proceeding indicates any other provision of a plea bargain existed. Therefore, the record does not establish that his waiver of the right to appeal or to file a post-conviction proceeding under Rule 24.035 was part of the plea bargain.

During the course of the plea proceeding, the state court inquired whether Petitioner understood that, by pleading guilty, he was waiving his right to appeal. (See Tr. of Guilty Plea and Sentencing, Resp't Ex. E, at 32.) Because this inquiry did not expressly distinguish between those issues that may not be raised on appeal from a guilty plea, which are waived, and the types of issues that may be pursued on such an appeal, the Court will, without deciding the issue, assume this was an indication by the state court judge that Petitioner could not appeal from the guilty plea.

Even if that is true, it is not dispositive. Pursuant to the terms of Rule 24.035, the federal constitutional claims Petitioner is pursuing in this federal habeas action[23] had to be presented to the state courts through a timely post-conviction motion, rather than through an appeal. The record of the plea proceeding shows that the state court judge clearly advised Petitioner of his right to pursue a post-conviction motion under Rule 24.035. The state court judge did not at any time during the plea proceeding provide statements contrary to this information. Nor is there anything of record indicating that, at any time, Petitioner's counsel disagreed with or disputed these statements by the state court judge.

Furthermore, Rule 24.035(e) provides for the appointment of counsel if a pro se motion under Rule 24.035 is filed, so that such a motion may be filed by a state prisoner without the assistance of counsel. There is nothing of record establishing that Petitioner's failure to file

---

[23] State law questions are not properly the subject of federal habeas relief. See **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991); accord **Swarthout v. Cooke**, 131 S. Ct. 859 (2011). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." **Estelle**, 502 U.S. at 67-68.

a pro se motion for post-conviction relief under Rule 24.035 resulted from circumstances beyond his control.

Therefore, the filing of his state habeas petition did not cure his default; and his claims are procedurally defaulted.

To overcome the procedural default, Petitioner must show either cause and prejudice for his failure properly to pursue his federal constitutional claims in state court, or his actual innocence. **Storey**, 603 F.3d at 523-24 (citing Coleman v. Thompson, 501 U.S. 722, 748, 750 (1991) and Schlup v. Delo, 513 U.S. 298, 324-327 (1995)). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007).

"Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman, 501 U.S. at 753). Although there is no exhaustive catalog of the objective impediments and the precise contours of the cause requirement have not been clearly defined, **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999), the Supreme Court recently concluded that cause may be established through post-conviction counsel, **Maples v. Thomas**, 132 S. Ct. 912 (2012) and **Martinez v. Ryan**, 132 S. Ct. 1309 (2012). In the first case, the abandonment of a petitioner by his post-conviction counsel, without notice to the

petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-conviction proceeding, constituted cause for that failure. **Maples**, 132 S. Ct. at 922-24. In the second case, the Supreme Court fashioned a narrow exception to Coleman, supra, concluding that "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings . . . establish[es] cause for a prisoner's procedural default of a claim of ineffective assistance at trial," when the ineffective assistance of trial counsel claim must first be raised at that initial review collateral proceeding. **Martinez**, 132 S.Ct. at 1315, 1318-20.

These Supreme Court decisions do not support a finding of cause here because Petitioner did not file an initial post-conviction proceeding as required by Rule 24.035 and, therefore, there is no conduct of counsel or an absence of counsel in such a proceeding to consider as cause. See **Anderson v. Koster**, Case No. 11-1227-CV-W-GAF-P, 2012 WL 1898781, at *9 (W.D. Mo. May 23, 2012) (finding, in a federal habeas proceeding after a trial where the petitioner had not filed an initial post-conviction proceeding under the relevant Missouri Supreme Court Rule 29.15, that "Martinez is inapposite because, here, petitioner himself is at fault for not filing a pro se [post-conviction] motion in the first place").

To the extent Petitioner contends that statements by the state court judge or his attorney led him to understand that he could not pursue an appeal or a post-conviction motion after his pleas, this Court's earlier discussion of that contention applies here; and Petitioner has, therefore, not established cause based on this argument.

Because no cause has been established for Petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. **Abdullah v. Groose**, 75

petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-conviction proceeding, constituted cause for that failure. **Maples**, 132 S. Ct. at 922-24. In the second case, the Supreme Court fashioned a narrow exception to Coleman, supra, concluding that "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings . . . establish[es] cause for a prisoner's procedural default of a claim of ineffective assistance at trial," when the ineffective assistance of trial counsel claim must first be raised at that initial review collateral proceeding. **Martinez**, 132 S.Ct. at 1315, 1318-20.

These Supreme Court decisions do not support a finding of cause here because Petitioner did not file an initial post-conviction proceeding as required by Rule 24.035 and, therefore, there is no conduct of counsel or an absence of counsel in such a proceeding to consider as cause. See **Anderson v. Koster**, Case No. 11-1227-CV-W-GAF-P, 2012 WL 1898781, at *9 (W.D. Mo. May 23, 2012) (finding, in a federal habeas proceeding after a trial where the petitioner had not filed an initial post-conviction proceeding under the relevant Missouri Supreme Court Rule 29.15, that "Martinez is inapposite because, here, petitioner himself is at fault for not filing a pro se [post-conviction] motion in the first place").

To the extent Petitioner contends that statements by the state court judge or his attorney led him to understand that he could not pursue an appeal or a post-conviction motion after his pleas, this Court's earlier discussion of that contention applies here; and Petitioner has, therefore, not established cause based on this argument.

Because no cause has been established for Petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. **Abdullah v. Groose**, 75

F.3d 408, 413 (8th Cir. 1996) (en banc).

The merits of Petitioner's defaulted claims may be reached, despite the absence of a showing of cause and prejudice for his procedural default, if he establishes that a failure to consider their merits will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). A showing of actual innocence requires new evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted [him] in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup, 513 U.S. at 327). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

The record here has no indication that Petitioner ever claimed he is innocent of the charges to which he pleaded guilty. Moreover, Petitioner has not submitted any new evidence of his actual innocence, nor does he allege that such evidence exists. While Petitioner urges there is no evidence that he personally sold the drug in the drug sale case, the charge in that case was that Petitioner, acting together with four others, sold the drug that was purchased. (Compl. in drug sale case, Resp't Ex. C at 3.) Moreover, the facts to which Petitioner pleaded guilty clearly indicate that, at the relevant time and place, Petitioner knowingly participated with four others in a sale to an undercover police officer of a substance containing cocaine

base. (Tr. Guilty Plea and Sentencing, Resp't Ex. E, at 35.) Petitioner presents no new evidence of his innocence related to that charge.

Under the circumstances, the record does not support a determination that Petitioner's actual innocence necessitates consideration of the merits of Petitioner's defaulted claims.

Therefore, Petitioner's habeas petition should be dismissed as procedurally barred.

## Conclusion

After careful consideration, the undersigned recommends the dismissal of Petitioner's federal habeas petition as procedurally barred. Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Steven M. Trust be **DISMISSED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

    /s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of July, 2012.